WILSON, Circuit Judge,
concurring:
I concur in the result. Newland makes a persuasive argument that a defendant’s Sixth Amendment right to the effective assistance of counsel cannot be fulfilled when his lawyer conducts virtually no investigation into his client’s background before defending him in a death case. Some semblance of an investigation should be necessary before counsel is in a position to settle upon a reasonable sentencing phase strategy. Newland’s lawyer, of course, was hampered by the instruction of his client to not investigate his background. Without Supreme Court guidance addressing a lawyer’s obligation to conduct an investigation into his client’s background when the client instructs otherwise,[1]1 concur in the ultimate conclusion that the decision by the Georgia courts regarding counsel’s penalty phase representation is not “contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1).

. See ABA Guideline for the Appointment and Performance of Counsel in Death Penalty Cases, 11.4.1(C) (1989) ("The investigation for preparation of the sentencing phase should be conducted regardless of any initial assertion by the client that mitigation is not to be offered.").